UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                                      Chapter 7

Kevin R. Karolak and Mary Kristen Karolak,                  Case No. 12-61378

    Debtors.                                                                     Hon. Phillip J. Shefferly
_____/

Homer W. McClarty, Chapter 7 Trustee of                     Adversary Proceeding
Kevin R. Karolak and Mary Kristen Karolak,                  No. 13-04394-PJS

    Plaintiff,

v.

University Liggett School,

    Defendant.
_____/

**OPINION GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT, AND DISMISSING COMPLAINT**

This opinion addresses a Chapter 7 Trustee's complaint to recover $16,960.00 of payments made by a Chapter 7 debtor to University Liggett School ("Liggett") over a three year period of time for tuition for her three minor children. The Court heard cross motions for summary judgment on August 30, 2013, and ruled from the bench in favor of Liggett and against the Trustee. Because of the implications of Stern v. Marshall, __ U.S. __, 131 S. Ct. 2594 (2011) and Waldman v. Stone, 698 F.3d 910 (6th Cir. 2012), the Court indicated at the end of its ruling that it would not enter a final order dismissing the Trustee's complaint, but would instead issue proposed conclusions of law and submit them to the district court with a recommendation to enter judgment in favor of Liggett

and against the Trustee. Upon further reflection, the Court concludes that it need not do so, and that it may instead enter an order dismissing the Trustee's complaint. This opinion is issued to supplement the ruling made in open court on August 30, 2013, and to explain why the Court has now determined to enter an order dismissing the Trustee's complaint, rather than make a recommendation to the district court.

The following facts are not in dispute.

Kevin and Mary Karolak filed a joint Chapter 7 petition on September 21, 2012. The Karolaks have three minor children enrolled at Liggett, a private school located in Grosse Pointe Woods, Michigan. Mrs. Karolak is a teacher at Liggett. As an employment benefit, Mrs. Karolak is eligible to send her minor children to school at Liggett and pay a reduced amount for their tuition. During the years 2010, 2011 and 2012, Mrs. Karolak sent her three minor children to school at Liggett and paid for their tuition by a regular deduction from her paycheck. The total deductions during these years were $16,960.00.

After the Karolaks filed Chapter 7, Homer McClarty was appointed as the Chapter 7 Trustee. On April 8, 2013, the Trustee filed a complaint against Liggett. The complaint contains two counts. Count I is brought under § 548(a)(1)(B) of the Bankruptcy Code. Count I seeks recovery of the tuition payments deducted from Mrs. Karolak's paychecks within two years before filing of the bankruptcy petition. Count II of the complaint is brought under § 544 of the Bankruptcy Code, pursuant to which the Trustee is authorized to exercise the rights of a creditor under state law. In this case, the Trustee seeks recovery of the tuition payments under Mich. Comp. Laws Ann. § 566.35(1).

Both counts of the Trustee's complaint seek to recover the tuition payments as fraudulent transfers. The Trustee does not allege that there was any actual fraud, but instead seeks recovery under both counts for what is known as constructive fraud. The elements of § 548(a)(1)(B) of the Bankruptcy Code and Mich. Comp. Laws Ann. § 566.35(1) are similar. In both counts, the Trustee alleges that the tuition payments were made at a time when Mrs. Karolak was insolvent, and that Mrs. Karolak made the tuition payments without receiving a reasonably equivalent value in exchange for them. Insolvency and a lack of reasonably equivalent value are elements under both § 548(a)(1)(B) and Mich. Comp. Laws Ann. § 566.35(1).

Liggett filed an answer and affirmative defenses to the complaint. In its affirmative defenses, Liggett alleges that the tuition payments are not avoidable under either count I or count II because Liggett gave reasonably equivalent value to Mrs. Karolak in exchange for the payments. The reasonably equivalent value, Liggett argues, consists of the grammar school education provided to Mrs. Karolak's three minor children, an education which, Liggett points out, was provided at a discounted rate to Mrs. Karolak's children because she was a teacher at Liggett.

At the initial scheduling conference in this adversary proceeding, the Trustee and Liggett filed a Rule 26(f) report (ECF No. 22) in which they expressly agree that this adversary proceeding is a core proceeding. That is consistent with 28 U.S.C. § 157(b)(2)(H), which states that proceedings to determine, avoid, or recover fraudulent conveyances are core proceedings. The parties' Rule 26(f) report further states that they both consent to the bankruptcy court entering a final order or judgment in the adversary proceeding "subject to jurisdictional issues raised in Defendant's Motion for Summary Judgment." Liggett filed the motion for summary judgment referred to in the

-3-

13-04394-pjs    Doc 32    Filed 09/06/13    Entered 09/06/13 15:35:17    Page 3 of 9

Rule 26(f) report on June 26, 2013 (ECF No. 16). On July 10, 2013, the Trustee filed his own motion for summary judgment (ECF No. 23).

Liggett's motion for summary judgment makes two arguments. First, Liggett argues that the bankruptcy court "lacks jurisdiction" to enter a final judgment in this adversary proceeding pursuant to <u>Waldman v. Stone</u>, 698 F.3d 910 (6th Cir. 2012). Liggett asks for dismissal for that reason. Second, Liggett argues that even if the bankruptcy court does have jurisdiction over this adversary proceeding, the Trustee's complaint must be dismissed because Mrs. Karolak did receive reasonably equivalent value from Liggett in exchange for the tuition payments. On the other hand, the Trustee argues that <u>Waldman v. Stone</u> does not prevent the bankruptcy court from entering a final judgment in this adversary proceeding but, even if it does, the bankruptcy court may still make proposed conclusions of law and recommend to the district court that the Trustee be granted summary judgment.

At the hearing on the motions, the Trustee again expressly stated on the record that he consents to the bankruptcy court entering a final judgment, and then proceeded to argue the merits of his motion. For its part, Liggett did not retreat from its statement in the Rule 26(f) report expressly consenting to the bankruptcy court entering a final judgment, but expressed its reservations about the bankruptcy court's power to do so, based upon <u>Waldman v. Stone</u>. Liggett then argued the merits of its motion. The Court permitted the parties to argue their motions because, in the Court's view, even if it does not have the power to enter a final judgment, it still has a duty to hear the motions. If the Court does not have the power to render a final judgment it must, at a minimum, make proposed conclusions of law and submit them to the district court with a recommendation for entry of a judgment.

At the hearing, both parties focused on whether Mrs. Karolak had received a reasonably equivalent value for the tuition payments. The Trustee argued that, at most, the tuition payments provided an indirect benefit to Mrs. Karolak. According to the Trustee, this indirect benefit was not an economic benefit and therefore was insufficient. Liggett argued that the benefit to Mrs. Karolak was not indirect, but even if it was, it was a sufficient economic benefit to qualify as reasonably equivalent value. After hearing the arguments, the Court concluded that Liggett had the better arguments on the merits.

The Bankruptcy Code does not define reasonably equivalent value. The determination of whether a debtor received reasonably equivalent value "depends on the circumstances of each case and not on a fixed mathematical formula." Lisle v. John Wiley & Sons, Inc. (In re Wilkinson), 196 Fed. Appx. 337, 341 (6th Cir. Aug. 17, 2006) (citations omitted). "Value can be in the form of either a direct economic benefit or an indirect economic benefit." Id. at 342. "It is well settled that reasonably equivalent value can come from one other than the recipient of the payments, a rule which has become known as the indirect benefit rule." Id. (quotation marks and citations omitted).

In this case, the Court found that Mrs. Karolak did receive a reasonably equivalent value in exchange for the tuition payments. The reasonably equivalent value consisted of the grammar school education that Mrs. Karolak's children received at Liggett. This is not a case where the value comes from someone other than the recipient of the transfer. In exchange for the tuition payments, Liggett provided reasonably equivalent value to Mrs. Karolak in the form of educating her three minor children. Mrs. Karolak purchased the education for her children and she directly received the benefit of that purchase. In the state of Michigan, a parent has a legal obligation under Mich. Comp. Laws Ann. § 380.1561(1) to provide schooling for their children. Mrs. Karolak's tuition payments

to Liggett provided schooling for her minor children and enabled her to fulfill her statutory duty. Even if viewed as an indirect benefit to the minor children, the Court found the value to be sufficiently economic, concrete and quantifiable. Either way, whether direct or indirect, Mrs. Karolak received an economic benefit that was concrete and quantifiable. The fact that Mrs. Karolak could arguably have provided a cheaper form of education to her children than sending them to Liggett does not mean that she did not receive a reasonably equivalent value in exchange for the tuition payments. If anything, the record indicates that she received more than a reasonably equivalent value. After all, the Trustee does not argue that the tuition payments exceed the value of the education at Liggett. Indeed, there is no dispute that because she was a teacher at Liggett, Mrs. Karolak was able to obtain the private school education for her three minor children at a discounted rate.

The Court also rejected the Trustee's reliance on Gold v. Marquette University (In re Leonard), 454 B.R. 444 (Bankr. E.D. Mich. 2011). That case is factually distinguishable for a number of reasons, including the fact that the tuition payments made by the debtors in that case were made to a college for an adult child, and not for minor children for whom the parent was legally obligated to provide education.

Because there are no genuine issues of material fact in dispute, and because the Court found that Liggett gave a reasonably equivalent value to Mrs. Karolak in exchange for the tuition payments, the Court determined that Liggett is entitled to summary judgment as a matter of law.

After expressing its view on the merits of the Trustee's complaint, and ruling in favor of Liggett, the Court then discussed with the parties the possible relief it may grant. Prior to Stern v. Marshall and Waldman v. Stone, the answer would be easy: a judgment in favor of Liggett

dismissing the Trustee's complaint. It is an understatement to say that <u>Stern v. Marshall</u> and <u>Waldman v. Stone</u> complicate this analysis. Despite the fact that the Trustee again expressly consented at the hearing to the Court entering a final order, the Court concluded, with some reluctance, that the better way to proceed was to propose conclusions of law and make a recommendation to the district court. However, as noted at the outset of this opinion, upon further reflection, the Court now concludes that it has the power to enter a judgment dismissing the Trustee's complaint. The Court reaches this conclusion for the following reasons.

First, neither <u>Stern v. Marshall</u> nor <u>Waldman v. Stone</u> involve a case such as this where the losing party expressly consented to the entry of a final judgment.

Second, as the Trustee pointed out, both in his papers and at oral argument, that <u>Waldman v. Stone</u> did not involve a core proceeding. Instead, the plaintiff's "affirmative" claims against the debtor sought "to enforce [the debtor]'s promises" "based on Kentucky law, not federal bankruptcy law[.]" 698 F.3d at 915, 921-22. In contrast, the Trustee's complaint is a core proceeding under 28 U.S.C. § 157(b)(2)(H), based on §§ 544 and 548 of the Bankruptcy Code. See <u>Goldstein v. Eby-Brown, Inc.</u> (<u>In re Universal Marketing, Inc.</u>), 459 B.R. 573, 576 (Bankr. E.D. Pa. 2011) (emphasizing the difference between <u>Stern</u>, which involved "a 'state law action independent of the federal bankruptcy law,'" and the case before it in which the trustee's § 544 claim was a federal bankruptcy cause of action using the state fraudulent transfer statute "merely for the purpose of identifying the applicable state law incorporated by § 544") (quoting <u>Stern</u>, 131 S. Ct. at 2611) (emphasis omitted).

Third, those courts that have held that a bankruptcy court cannot render a final judgment on a fraudulent conveyance cause of action have done so in part by reasoning that the recovery of

-7-

property in a fraudulent conveyance case augments a bankruptcy estate and permits it to obtain property from a defendant without the defendant having had the opportunity to have an Article III court determine whether it must part with such property. But here, because of this Court's view of the merits of the Trustee's complaint, there is no final judgment that requires Liggett to part with any property in favor of the bankruptcy estate. Instead, this case presents the opposite: the Trustee does not have any right to obtain property from Liggett. In other words, the concern that Liggett might be ordered to divest itself of property to this bankruptcy estate without review by an Article III court simply does not present itself on these facts.

Fourth, post-Stern, the Court must not only determine the limits of its statutory jurisdiction, see 28 U.S.C. § 157(b)(3), but it must also consider the limits of its constitutional authority. While the Court understands the constitutional implications regarding the limitations on its power to *afford* relief, it does not subscribe to the view that it has no power to *deny* relief. It is axiomatic to say that a court always has authority to determine whether it has the power to grant the relief requested by a party. It would pervert justice, and unnecessarily increase the costs of litigation, for the Court to say in this case that the Trustee is not entitled to any relief against Liggett, yet force Liggett to stay in this case by declining to dismiss it from this adversary proceeding until another court reviews this Court's proposed conclusions of law, even though the party who brought this complaint (i.e., the Trustee) agrees that this Court has the power to enter a final judgment.

Finally, the Trustee is not prejudiced in any way by the Court entering a final judgment rather than proposed conclusions of law because the Trustee may always obtain review by an Article III court by filing a notice of appeal.

In sum, the Bankruptcy Court concludes that on the facts of this case, and because of the express consent of the Trustee to this Court entering a final judgment, <u>Stern v. Marshall</u> and <u>Waldman v. Stone</u> do not preclude this Court from entering an order granting Liggett's motion and dismissing the Trustee's complaint against Liggett. Therefore, the Court will do just that. In the event that a reviewing court determines that this Court does not have the power to dismiss Liggett from this adversary proceeding, then this Court respectfully requests that such reviewing court consider this opinion and the order to be entered pursuant to it as proposed conclusions of law and a proposed judgment.

.

**Signed on September 06, 2013**

                                            **/s/ Phillip J. Shefferly**
                                            **Phillip J. Shefferly**
                                            **United States Bankruptcy Judge**